LOIS P. COTTRELL, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1816–77.    Filed June 13, 1979.

*John W. Windhorst, Phillip H. Martin,* and *Kenneth L. Cutler,* for the petitioner.

*Robert F. Cunningham,* for the respondent.

WILES, *Judge:* Respondent determined a $4,639,402.50 deficiency and a $231,970.13 addition to tax under section 6653(a)[1] in petitioner's 1970 Federal gift tax. The two issues are whether petitioner made a taxable gift under section 2511 when she executed a disclaimer of her remainder interest in her father's testamentary trust and whether she is subject to an addition to tax under section 6653(a) for failing to disclose the disclaimer on her 1970 gift tax return.

### FINDINGS OF FACT

All the facts have been stipulated and are so found.

Lois P. Cottrell (hereinafter petitioner) resided in Stonington, Conn., when she filed her Federal gift tax return for the calendar year 1970 with the Office of the Internal Revenue Service in Hartford, Conn., and in Excelsior, Minn., at the time of filing her petition herein.

Parker Webster Page, petitioner's father, died testate on January 22, 1937, a resident of Essex County, N.J. His will, dated January 12, 1935, was admitted to probate there on February 10, 1937.

Testator's will provided in relevant part:

> If my wife, Nellie A. Page, survives me, I give, devise, bequeath and appoint all of said residue of my estate to my Trustees, hereinafter named, in trust, to hold the same during the life of my wife Nellie A. Page and to invest and reinvest the prinicipal and to apply the net income to her use. Upon her death I give, devise, bequeath and appoint the prinicipal in equal shares to my daughters Helen Page Wodell and Lois Page Cottrell and if either of my daughters should then be dead to such persons and in such proportions as such daughter may by will duly admitted to probate legally appoint and in default of such appointment to such daughter's issue then surviving in equal shares per stirpes.

The trust was subject to, governed by, and interpreted under the laws of New Jersey.

On February 23, 1944, petitioner irrevocably released her testamentary power of appointment created under the above will provision; however, she reserved and retained a partial power to appoint to her spouse and her descendents. From and after January 27, 1945, petitioner and her sister performed their

---

[1]Statutory references are to the Internal Revenue Code of 1954, as amended.

functions as trustees over the testamentary trust. In 1965, they appointed a corporation to serve as cotrustee.

Nellie Page died on April 14, 1970, at the age of 100. She was survived by her two daughters, Helen Page Halbach, age 79, and petitioner, age 74. Petitioner had three surviving children at her mother's death.

On April 30, 1970, petitioner executed an instrument entitled "Disclaimer and Renunciation" which provided:

I, Lois Page Cottrell, of Stonington, Connecticut, do hereby irrevocably disclaim and renounce all my right, title and interest as a remainderman of the trust established by my father, Parker.Webster Page, in Paragraph Third of his last will and testament dated January 12, 1935 and admitted to probate by the Essex County Surrogate's Court on February 10, 1937.

At no time did petitioner ever receive or accept any income or principal from the trust. Petitioner did not receive any fees or other compensation for acting as trustee of the trust.

The trustees brought an action in the Superior Court of New Jersey, Chancery Division—Essex County for, in part, a determination of the validity and effect of the above disclaimer. On December 23, 1970, the Superior Court entered its judgment in the action brought by the trustees concluding that under New Jersey law: "Mrs. Halbach and Mrs. Cottrell, having acted very promptly after their mother's death, effectively disclaimed and renounced the remainders in trust provided for them by the will of their father." (*In Re Estate of Page*, 113 N.J. Super. 582, 274 A.2d 614, 616 (Ch. Div. 1970).) This decision was not appealed, and became final and binding on the parties thereto.

Pursuant to the testator's will, the Superior Court of New Jersey directed distribution of the disclaimed remainder interest to petitioner's issue living at the time of the death of Nellie A. Page, per stirpes. The assets of the trust were distributed in accordance with that judgment.

On April 30, 1970, the date of petitioner's disclaimer, the fair market value of one-half of the trust property, which was subsequently distributed by the trustees to petitioner's children, was approximately $10,132,000.

Petitioner's Federal gift tax return for the calendar year 1970 was prepared by Frank Chapman, an attorney. His law firm issued a written opinion to petitioner on March 10, 1971, which concluded that petitioner's disclaimer of her remainder interest did not constitute a transfer by gift of the trust property by her

to her issue and was not subject to Federal gift tax. The opinion also concluded that petitioner had no duty and no reason to disclose the fact of the disclaimer on her gift tax return for the calendar year 1970.

Pursuant to this opinion, petitioner excluded the value of her remainder interest in the trust from her gift tax return for the calendar year 1970. In addition, she did not disclose the disclaimer on her return. Respondent determined that petitioner's execution of the disclaimer of her 50-percent interest in the trust remainder constituted a taxable gift under section 2511. He further determined that petitioner's failure to disclose the disclaimer on her gift tax return was due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a).

## OPINION

We must first determine whether petitioner's execution of her April 30, 1970, disclaimer constituted a taxable gift. This would result if the disclaimer effectuated a taxable transfer of the trust property from petitioner to her children. This in turn depends upon whether the disclaimer was executed within a "reasonable time after knowledge of the existence of the transfer." Sec. 25.2511–1(c), Gift Tax Regs.

This Court has repeatedly held that the holder of a remainder interest subject to divestiture has a "reasonable time" from the creation of the interest to execute a valid disclaimer not subject to gift tax. *Jewett v. Commissioner*, 70 T.C. 430 (1978); *Keinath v. Commissioner*, 58 T.C. 352 (1972), revd. 480 F.2d 57 (8th Cir. 1973). Nevertheless, since this case is appealable only to the Eighth Circuit, petitioner contends that we are required to measure the "reasonable time" for disclaimer from the death of the last surviving life tenant. Petitioner's position is based on the holding of *Keinath v. Commissioner*, 480 F.2d 57 (8th Cir. 1973), in conjunction with the rule established in *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Since we find *Keinath* distinguishable by reason of our recent opinion in *Estate of Halbach v. Commissioner*, 71 T.C. 141 (1978), we find the rule established in *Golsen* inapplicable. Accordingly, consistent with the position of this Court, we find that petitioner's disclaimer constituted a taxable gift.

*Golsen* "requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that Court alone." Accordingly, we must examine the Eighth Circuit opinion in *Keinath* to determine if it is "squarely in point."

*Keinath* involved a disclaimer filed by a remainderman of a testamentary trust created by the will of his father who died in 1944. The trust granted his mother a life interest with the trust principal to be divided equally between the testator's two sons. In the event either son predeceased his mother, the life tenant, the deceased son's share was to be distributed to the son's child per stirpes. The parties therein agreed that the son had a vested remainder subject to divestiture. The son disclaimed his one-half remainder interest within 6 months following the death of his mother which was approximately 19 years after the trust was created.

This Court upheld the respondent's position that "reasonable time" should be defined according to a federally determined standard and concluded that the reasonable time period commenced when the trust was established. The Court of Appeals disagreed holding that, absent a Federal statute or regulation defining reasonable time, State law must govern. It concluded that under Minnesota law, the holder of either a contingent remainder or a vested remainder subject to divestiture has a reasonable time to disclaim a remainder interest after the death of the life beneficiary—not from the time of the creation of the testamentary trust:

> It thus appears from the adjudicated cases that remainder interests that are not subject to divestiture should be disclaimed within a reasonable time after the testator's death, and where the remainder interest is subject to divestiture a disclaimer may be filed within a reasonable time after the termination of the life estate. [*Keinath v. Commissioner, supra* at 63.]

Respondent simply contends that *Keinath* is not squarely in point since petitioner here held a remainder interest not subject to divestiture. As suggested by the above-quoted passage from *Keinath*, respondent insists that the Eighth Circuit would have reached a contrary result had a remainder interest not subject to divestiture been present. We agree.

After this case was submitted, this Court released its opinion in *Estate of Halbach v. Commissioner*, 71 T.C. 141 (1978). The decedent taxpayer involved therein was petitioner's sister,

Helen Wodell Halbach. As one of the two remaindermen of the trust created under their father's will, she held the identical and the remaining one-half remainder interest. She also executed a separate disclaimer that was identical to petitioner's. The issue presented therein was whether the disclaimer resulted in a transfer of property within the meaning of section 2035. We held that her execution of the disclaimer was not timely and therefore found a transfer of property under section 2035. In so holding we noted:

Since 1937, the death of the settlor, the decedent had had an indefeasible right to an interest in property to be enjoyed personally if she survived the life tenant or to be enjoyed by whomever she named in her will if she predeceased the life tenant. In 1945, she partially released the general power, making it a special power whose class was limited to her descendents and their spouses. Such release followed the statutory change of the Revenue Act of 1942. It was not until 1970, some 33 years after the creation of decedent's interest, that she renounced her remainder. When an *indefeasible interest* in property is created at the time of the settlor's death, it is more logical to conclude that the period within which the beneficiary may reasonably disclaim commenced on that date rather than some 33 years later when the life tenant died. Cf. *Jewett v. Commissioner, supra;* sec. 25.2511–1(c), Gift Tax Regs. On that latter date, decedent was in a position of merely standing aside (by filing a disclaimer) and letting the property go directly to the natural objects of her bounty. Her decision to refuse to accept what had been irrevocably destined for her for 33 years was made with the benefit of being able to make a judgment based on circumstances at that later date. The use of such hindsight was an obvious estate-planning advantage, but under these facts not effective estate tax wise. [*Estate of Halbach v. Commissioner, supra* at 146; emphasis added.]

Since *Halbach* specifically found that the interest identical to petitioner's was indefeasible, we are unable to find that her interest was not indefeasibly fixed. Therefore, we find that petitioner held a remainder interest not subject to divestiture— the same interest we found her sister to have in *Halbach.*

As a result, *Keinath* is not squarely in point and we are not bound to follow it under our rule expressed in *Golsen.* Accordingly, we follow our position that a valid disclaimer of a remainder interest must be made within a reasonable time of the creation of the interest. Since petitioner reached the age of majority before the creation of her remainder interest in 1937, we find that her disclaimer in 1970, some 33 years later, was not made within a "reasonable time." See *Estate of Halbach v. Commissioner, supra* at 145; *Jewett v. Commissioner, supra* at 436. We hold, therefore, that petitioner's disclaimer constituted a trans-

fer of her remainder interest in the trust to her children which is subject to gift tax.

The final issue for our decision is whether respondent correctly asserted additions to tax under section 6653(a) against petitioner. Respondent contends that petitioner's failure to disclose the disclaimer on her gift tax return constituted negligence or intentional disregard of rules and regulations. We find for petitioner on this issue.

Petitioner relied totally on an experienced attorney in structuring her transaction and completing her gift tax return. Her attorney, who was fully apprised of all facts relevant to the disclaimer of her remainder interest, issued a written opinion that the disclaimer did not constitute a gift and need not be disclosed on her gift tax return. Under such circumstances, we are unable to hold that petitioner was guilty of negligence or of an intentional disregard of rules and regulations. *Hill v. Commissioner*, 63 T.C. 225, 251 (1974); *Brown v. Commissioner*, 47 T.C. 399, 410 (1967), affd. per curiam 398 F.2d 832 (6th Cir. 1968).

Accordingly, we find only that petitioner's execution of her disclaimer constituted a taxable gift.

To reflect the foregoing,

*Decision will be entered under Rule 155.*